IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RACHELLE DUVALL, as Personal      :      No.  4:CV 05-1786
Representative of the ESTATE OF      :
MARK DUVALL, deceased; and      :
RACHELLE DUVALL, as Personal      :      Judge Jones
Representative of the ESTATE OF      :
TAMMY DUVALL, deceased,      :
     :
     Plaintiffs,      :
     :
     v.      :
     :
AVCO CORPORATION, et al.,      :
     :
     Defendants      :

## MEMORANDUM AND ORDER

**January 30, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Joint Motion to Transfer Pursuant to 28

U.S.C. §1404(a) ("the Motion")(doc.26) filed by Defendants, AVCO Corporation,

on behalf of its Lycoming Engines Division ("AVCO"), Textron Inc. ("Textron"),

Cessna Aircraft Company ("Cessna"), and Precision Automotive LLC

("Precision").

Diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

For the following reasons, the Motion is denied.

1

## STATEMENT OF FACTS AND PROCEDURAL HISTORY:

This action arises out of an aircraft accident near Chickaloon, Alaska, on September 2, 2003, which killed the pilot, Glyn A. Bindon and his two passengers, Mark K. DuVall and Tammy S. DuVall. Rachell DuVall ("DuVall" or "Plaintiff"), the personal representative of the passengers' estates, commenced this action by filing a complaint (doc. 1) with this Court on September 1, 2005. The named Defendants in this action include Cessna, the manufacturer of the aircraft, AVCO, whose Lycoming Engines Division is the manufacturer of the engine, Precision, the manufacturer of the fuel servo, and Crane Co. ("Crane") d/b/a Lear Romec, the manufacturer of the fuel pump.

Slightly before 8 a.m. on September 2, 2003, Mark and Tammy DuVall joined Glyn Bindon on a flight departing from Homer, Alaska, aboard Mr. Bindon's Cessna T206 aircraft. The National Weather Service ("NWS") weather observer in the area reported limited visibility in the area and that Sheep Mountain Pass, a route Mr. Bindon intended to utilize, was closed. However, Mr. Bindon did not have this information during flight because he did not request any weather updates. At approximately 10 a.m., the aircraft piloted by Mr. Bindon crashed into the side of a mountain. Mr. Bindon and both of the DuValls were killed in the accident.

**STANDARD OF REVIEW**:

In considering a motion to transfer a civil action to another federal district, the applicable legal standard is "the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  In evaluating a motion to transfer, the court must first determine whether the action could have been brought in the transferee forum and, if so, then the court must balance several private and public interest factors.   See High River Ltd. P'ship v. Mylan Labs, Inc., 353 F. Supp. 2d 487, 492 (M.D. Pa. 2005).   Factors to be considered in determining a motion to transfer include the plaintiff's choice of forum, interests of the litigants, ease of access to sources of proof, costs of obtaining attendance of witnesses and judicial economy.  See Gulf Oil v. Gilbert, 330 U.S. 501, 508-509 (1947)  As a general rule, "the plaintiff's choice of venue should not lightly be disturbed."  Jumara v. State Farm Ins. Co., 55 F. 3d 873, 879 (3d Cir. 1995).

**DISCUSSION**:

The Defendants move this Court to transfer the instant action to the United States District Court for the District of Alaska pursuant to 28 U.S.C. §1404(a). Under the aforementioned standard for transferring civil actions, we are first tasked to determine whether this action could have been brought in the United States District Court for the District of Alaska at the time it was brought in this Court.

3

However, our inquiry on this point ends before it begins, as the parties do not

dispute that this action could have been properly initiated in Alaska.   As a result,

we must turn to a determination of whether the balancing of factors associated with

transfer pursuant to §1404(a) warrant a transfer of this action to the District of

Alaska.

In <u>Jumara v. State Farm Ins. Co.</u>, 55 F. 3d 873, 879-80 (3d  Cir. 1995), the

Court of Appeals for the Third Circuit listed a variety of public and private interest

factors that courts should consider in determining whether to transfer venue

pursuant to §1404(a).  Those private interest factors include: the plaintiff's selected

forum; the defendant's preferred forum; whether the claim arose elsewhere; the

convenience of the parties indicated by their relative physical and financial

condition; and the convenience of the witnesses and the location of records (but

only to the extent that either would be unavailable for trial in the forum).  The

relevant public interest factors include: the enforceability of the judgment; practical

considerations that could make the trial easy, expeditious or inexpensive;

congestion of the dockets of the two considered fora; the local interest in deciding

controversies at home; the public policies of the fora; and the familiarity of the

judge with the applicable state law in diversity cases.  A party seeking a transfer

pursuant to §1404(a) bears the burden of demonstrating that these factors justify

4

transfer.  <u>See</u> <u>In re United States</u>, 273 F. 3d 380, 388 (3d Cir. 2001).  The moving

party is not required to show "truly compelling circumstances" for a change of

venue, but rather that "all relevant things considered, the case would be better off

transferred to another district."  <u>Id.</u> (quoting <u>In re Balsimo</u>, 68 F. 3d 185, 187 (3d

Cir.  1995)).  We will consider these factors in turn.

     <u>A.</u>     <u>Plaintiff's Choice of Forum</u>

"The plaintiff's choice of a proper forum is a paramount consideration in

any determination of a transfer request" and while "the decision to transfer is in the

court's discretion, a transfer is not to be liberally granted."  <u>Shutte v. Armco Steel</u>

<u>Corp.</u>, 431 F. 2d 22, 25 (3d Cir. 1970).  The plaintiff's choice of forum is entitled

to less weight if it is not the plaintiff's home forum.  <u>See</u> <u>Piper Aircraft Co. v.</u>

<u>Renyo</u>, 454 U.S. 235, 255-56 (1981).  Although Pennsylvania is not the Plaintiff's

home forum, the Plaintiff's selection of Pennsylvania as the venue for this case is

entitled to deference from this Court, unless the balance of the remaining factors

clearly warrant a transfer.

     <u>B.</u>     <u>Defendant's Preferred Forum</u>

It is apparent from the Motion that the Defendants prefer that this matter be

tried in the United States District Court for the District of Alaska.

     <u>C.</u>     <u>The Situs of the Claim</u>

5

On its face, it appears that this action arose out of an aircraft accident that occurred in Alaska.  However, the Plaintiff also alleges that portions of this action arose out of the design and manufacture of the allegedly defective parts, which occurred in Pennsylvania, Washington, Ohio, Kansas and possibly Michigan. Defendants argue that "it will be grossly inconvenient to litigate a pilot error case thousands of miles from where the negligence occurred."  (Rec. Doc. 28 at 10). Although the Defendants are entitled to maintain their own theory of the case, the claims asserted against the Defendants are of a product liability nature, therefore the physical location of the accident carries less weight than the Defendants assert.  It appears to this Court that Defendants' argument that the case should be handled in Alaska because the aircraft accident occurred there fails to recognize that as noted this is not a case of straightforward negligence.  As a result, it is an over-simplification to state that the only "situs" of this claim, for the purpose of our analysis of the Motion, is Alaska.  In reality, and as also noted, a number of states are implicated in the design and manufacture of the allegedly defective parts. Accordingly, this factor is not helpful to Defendants.

D.   Convenience of the Parties

As highlighted by the Jumara court, the convenience of the parties to be considered by the court in a transfer analysis is relative to the parties' physical and

6

financial conditions.  None of the parties are Alaska corporations, therefore, it is not readily apparent to us why Alaska, one of the most remote states in the Union, would be a more convenient forum within which to litigate this claim.   Indeed, the Defendants make no argument that a transfer to Alaska would be financially more convenient to them.

The Defendants do argue that if the claim proceeds in this Court that testimony of party witnesses will be beyond the subpoena power of this Court. However, the Defendants make no showing as to why these party witnesses will be amenable to subpoena power in Alaska.  As a result of the foregoing, we cannot find that this factor militates in favor of a transfer.

E.      Convenience of the Witnesses and Location of Records

The Defendants argue that a trial in this matter will require testimony from individuals located in Alaska, including numerous witnesses who "will need to testify regarding the weather on the day of the crash." (Rec. Doc. 28 at 10).  We do not agree with the Defendants that all of these proposed witnesses "need" to testify to the weather conditions in order for the Defendants to pursue their theory of the case.  It is apparent to us that the weather conditions on that day could either be stipulated to or proven by expert testimony.

With respect to the location of records, it is apparent to the Court that the

individual Defendants and the various records kept by them are located in a

potpourri of states, and that there is not such a voluminous amount of records

located in Alaska that would be impossible to import to Pennsylvania for trial.

Accordingly, this factor is not of any particular help to Defendants.

  F.  Enforceability of the Judgment

   The Defendants concede that a judgment entered against them in

Pennsylvania will be enforceable.  However, Defendants argue that transfer is

warranted because they will be unable to implead the pilot's estate since

Pennsylvania lacks personal jurisdiction over the estate.  Defendants do not provide

us, however, with any assertion or argument as to whether or not the estate is a

necessary or indispensable party.  Although the pilot's estate is likely not amenable

to Pennsylvania's personal jurisdiction, if entitled, following a judgment in this

Court, the Defendants may bring an action for contribution against the estate.  We

do not find this factor so persuasive as to order transfer.

  G.  Considerations to Make Trial Easy, Expeditious or Inexpensive

   As previously discussed in this Order, the Defendants in this matter, with the

exception of the Lycoming Engines Division of AVCO, are foreign corporations.

We have no reason to believe that they do not possess sufficient assets to travel to

litigate in Pennsylvania.  Further, it appears to us that litigation in Alaska would itself

8

require protracted travel for the parties and thus would not improve either the expeditiousness or expense of trial. This factor does not aid Defendants in any way.

### H.   Congestion of the Dockets of the Two Suggested Fora

This Court does not carry an overloaded or congested docket and will not be burdened by carrying this case on our docket.

### I.   Local Interest in Deciding Controversies at Home

It is impossible to determine that there is sufficient local interest in this matter within Alaska such that the case should be heard there.  While admittedly the crash itself was a tragic local occurrence, we cannot find based on the submissions that there is interest in Alaska to a degree that would cause this factor to weigh in favor of Defendants' Motion.  Moreover, it cannot be gainsaid that each of the manufacturing Defendants, including AVCO in Pennsylvania, can themselves express strong local interests in litigating claims in their home states regarding allegations that they manufactured defective goods.

### J.   Public Policies of the Fora

As conceded by the Defendants, the public policies of the fora are not dissimilar.  The Defendants assert that Alaska's interest in "protecting the safety of its skies trumps Pennsylvania's interest."  (Rec. Doc. 28 at 12).  While we agree

9

that Alaska has an interest in protecting its "skies," Pennsylvania has an equally strong interest in protecting its citizens and the citizens of other states from defective products manufactured in both Pennsylvania and other states.

K.      Familiarity of the Judge with the Applicable State Law

At this point in the litigation, no decision has been rendered by this Court as to which state's law will be applied to the case.  We note that if Alaska law does apply we will assure all parties that it is not beyond the ken of this Court to parse the Alaska code and any relevant caselaw pertaining to this matter.

**CONCLUSION:**

Our analysis of the Jumara factors leads us to the conclusion that on  balance they do not warrant a transfer of this action to the District of Alaska. The Middle District of Pennsylvania is the Plaintiff's chosen venue, and although the accident occurred on Alaska's landscape, the great majority of the factors do not move us to transfer this case there.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion (doc. 26) is DENIED.

s/ John E. Jones III
John E. Jones III
United States District Judge

10