IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHELLE DUVALL, as Personal | : | No.  4:CV 05-1786 |
| Representative of the ESTATE OF | : | |
| MARK DUVALL, deceased; and | : | |
| RACHELLE DUVALL, as Personal | : | Judge Jones |
| Representative of the ESTATE OF | : | |
| TAMMY DUVALL, deceased, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| AVCO CORPORATION, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### January 30, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for More Definite Statement ("the

Motion") or, in the Alternative, to Dismiss for Failure to State Claims upon Which

Relief May be Granted ("the Alternative Motion")(doc.25) filed by Defendants,

AVCO Corporation, on behalf of its Lycoming Engines Division ("AVCO") and

Textron Inc. (collectively "the Defendants").

Diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

For the following reasons, the Motion and the Alternative Motion are denied.

1

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**:

This products liability, negligence and wrongful death action arises out of an aircraft accident near Chickaloon, Alaska, on September 2, 2003, which killed the pilot, Glyn. A. Bindon and his two passengers, Mark K. DuVall and Tammy S. DuVall.  Rachell DuVall ("DuVall" or "Plaintiff"), the personal representative of the passengers' estates, commenced this action by filing a complaint (doc. 1) with this Court on September 1, 2005.  The named Defendants in this action include Cessna, the manufacturer of the aircraft, AVCO, whose Lycoming Engines Division is the manufacturer of the engine, Precision, the manufacturer of the fuel servo, and Crane Co. d/b/a Lear Romec, the manufacturer of the fuel pump.  The Plaintiff claims that the accident was caused by the malfunction of the aircraft's engine and fuel servo.

Slightly before 8 a.m. on September 2, 2003, Mark and Tammy DuVall joined Glyn Bindon on a flight departing from Homer, Alaska, aboard Mr. Bindon's Cessna T206 aircraft.  The National Weather Service weather observer in the area reported limited visibility in the area and that Sheep Mountain Pass, a route Mr. Bindon intended to utilize, was closed.    However, Mr. Bindon did not have this information during flight because he did not request any weather updates.  At approximately 10 a.m., the aircraft piloted by Mr. Bindon crashed into the side of a mountain.  Mr. Bindon and both of the DuValls were killed in the accident.

The instant Motions (doc. 25) were filed on November 7, 2005.  To date the Motions have been fully briefed and are therefore ripe for review.  We will dispose of the Motion for More Definite Statement first and then move to an analysis of the Alternative Motion to Dismiss.

## A.    MOTION FOR MORE DEFINITE STATEMENT:

## Standard of review:

Pursuant to Fed. R. Civ. P. 12(e), a party may make a motion for a more definite statement if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Further, "the motion shall point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).

Fed. R. Civ. P. 8(a) requires "notice pleading" of the parties in diversity cases pending in federal courts.  The "notice pleading" standard requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

Motions for more definite statements arise in "the rare cases where because of the vagueness and ambiguity of the pleading the answering party will not be able to frame a responsive pleading."  Schaedler v. Reading Eagle Publ'ns Inc., 370 F.2d 795, 798 (3d Cir. 1967).  "Motions for more definite statement are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading."

Synagro-WWT v. Rush Tp., Penn., 204 F. Supp. 827, 849-850 (M.D. Pa. 2002).

**Discussion**:

The Defendants argue that the Plaintiff's allegation that the engine and the fuel servo malfunctioned, resulting in the aircraft crash, is "barebones" and "does not provide adequate notice" to the Defendants.  Defendants argue that the Plaintiff does not allege how or why the malfunction occurred or how the engine was defective, therefore the Defendants cannot adequately respond to the complaint.

Plaintiff's complaint plead the particular aircraft and the crash giving rise to this cause of action, states the type of fuel servo and engine installed on the subject aircraft, and alleges that the cause of the crash is due to a faulty/defective fuel metering system on the Cessna T206 aircraft's TIO-540 engine that was designed and manufactured by the Defendants.  The claims alleged against the Defendants are clearly founded in wrongful death, negligence and products liability and are set forth in a cogent manner.

The "notice pleading" standard required by Rule 8(a) is a liberal one, and as previously noted, a Rule 12(e) motion should only be granted where the complaint is "unintelligible," rendering a responsive pleading impossible.  Our review of the complaint (doc. 1) in this action reveals that it is hardly an "unintelligible" document. Rather, the allegations in the complaint are both specific and pointed,

4

and put the Defendants on notice that this action is a wrongful death, negligence and products liability action relating to an alleged defect in the engine and fuel servo of the subject aircraft.  The complaint clearly meets the Rule 8(a) "notice pleading" standard and therefore, the Motion for More Definite Statement pursuant to Rule 12(e) will be denied.

**B.     MOTION TO DISMISS:**

**Standard of review:**

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d5 310 (3d Cir. 1986).

**Discussion**:

The Defendants move this Court to dismiss Counts IV, V and VI of the complaint. (Rec. Doc. 1). Count IV is a negligence claim, Count V is a breach of warranty claim and Count VI is a strict liability claim. With respect to Count V, the Defendants argue that the Plaintiff failed to attach any warranty as an exhibit or attempt to explain how or why a warranty was made. Defendants further argue that Counts IV and VI must be dismissed because Plaintiff failed to allege the minimum elements for a negligence and a strict liability claim. Finally, Defendants allege that the prayer for punitive damages in the damages provision of the complaint is insufficient to state a claim upon which relief can be granted.

Defendants argue that Counts IV, V, and VI should be dismissed because "the pleading fails to allege a breach of duties under federal law." In support, Defendants contend that under Abdullah v. American Airlines, Inc., 181 F. 3d 363 (3d Cir. 1999), Plaintiff must allege the breach of duties under federal law to survive a motion to dismiss. Defendants thus appear to argue that because this case involves an aircraft crash, that the Plaintiff must therefore plead the breach of a federal duty of care because federal law preempts common law in the arena of aviation safety. While we agree with the holding of Abdullah with regards to federal preemption, it is clear to us that the standard of care announced by Abdullah court

6

applies to the *operation* of an aircraft, not the *manufacturing* of aircraft parts: "No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another." <u>Abdullah</u>, 181 F. 3d at 372.  Therefore contrary to Defendants' argument, the Plaintiff's pleading is not insufficient because it does not plead the breach of a federal duty of care.

The Defendants argue that Count V must be dismissed because it "purports to state a claim for breach of express warranty yet fails to attach any such warranty as an exhibit to the complaint or to even give a cursory description of how or when any such warranty was made."   However, the Defendants do not cite and we cannot find any precedent requiring the explicit language of an express warranty to be attached to the complaint or a description of how or why the warranty was made.  The complaint (doc. 1) alleges that Defendants breached both express and implied warranties that the "subject engine was reasonably fit for its intended and foreseeable use and purpose."  (Rec. Doc. 1 at 14).  Taking the Plaintiff's allegation as true, as we must at this juncture, we find Count V sufficient to survive the Alternative Motion to Dismiss.

Next, Defendants argue that Count VI must be dismissed because it does not allege the minimum elements of a strict liability claim under the laws of Pennsylvania, Michigan or Alaska.  Our reading of Count VI reveals that the

Plaintiff pointedly alleges that "[t]he subject engine was manufactured with an inherently defective condition since its fuel metering system was susceptible to un-commanded in-flight failure which Defendants knew would result in a crash . . . Defendants failed to take remedial precautions [and] failed to warn . . . consumers. As a proximate result . . . the subject aircraft crashed causing Plaintiff's decedents to suffer severe injuries, death and damages."  We find that under any or all of the potentially applicable states' laws, the Plaintiff's allegation in this regard is sufficient to survive the Rule 12(b) standard.

Finally, to the extent that it is uncertain at this point which state's law will ultimately apply to the action, we will not dismiss that portion of the Plaintiff's damages prayer requesting punitive damages. In the event that the applicable state law, when determined, prohibits such damages, or if other facts in support of this argument arise via discovery, Defendants are free to re-assert it at a later point in this litigation.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion (doc. 25) is DENIED.

2.      The Alternative Motion (doc. 25) is DENIED.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge