IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHELLE DUVALL, as Personal | : | No.  4:CV 05-1786 |
| Representative of the ESTATE OF | : | |
| MARK DUVALL, deceased; and | : | |
| RACHELLE DUVALL, as Personal | : | Judge Jones |
| Representative of the ESTATE OF | : | |
| TAMMY DUVALL, deceased, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| AVCO CORPORATION, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**January 31, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for to Dismiss or, in the Alternative, to

Transfer this Action to the United States District Court for the District of Alaska,

Anchorage Division("the Motion")(doc.44) filed by Defendant Crane Co. ("Crane"

or " Defendant") on November 28, 2005

Diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

For the following reasons, the Motion is denied.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY:**

1

This products liability, negligence and wrongful death action arises out of an aircraft accident near Chickaloon, Alaska, on September 2, 2003, which killed the pilot, Glyn. A. Bindon and his two passengers, Mark K. DuVall and Tammy S. DuVall.  Rachell DuVall ("DuVall" or "Plaintiff"), the personal representative of the passengers' estates, commenced this action by filing a complaint (doc. 1) with this Court on September 1, 2005.  The named Defendants in this action include Cessna, the manufacturer of the aircraft, AVCO, whose Lycoming Engines Division is the manufacturer of the engine, Precision, the manufacturer of the fuel servo, and Crane Co. d/b/a Lear Romec, the manufacturer of the fuel pump.  The Plaintiff claims that the accident was caused by the malfunction of the aircraft's engine and fuel servo.

Slightly before 8 a.m. on September 2, 2003, Mark and Tammy DuVall joined Glyn Bindon on a flight departing from Homer, Alaska, aboard Mr. Bindon's Cessna T206 aircraft.  The National Weather Service weather observer in the area reported limited visibility in the area and that Sheep Mountain Pass, a route Mr. Bindon intended to utilize, was closed.   However, Mr. Bindon did not have this information during flight because he did not request any weather updates.  At approximately 10 a.m., the aircraft piloted by Mr. Bindon crashed into the side of a mountain.  Mr. Bindon and both of the DuValls were killed in the accident.

The instant Motion (doc. 44) were filed on November 28, 2005.  To date the

Motion has been fully briefed and are therefore ripe for review.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a

court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes,

416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir.

1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for

the Third Circuit added that in considering a motion to dismiss based on a failure to

state a claim argument, a court should "not inquire whether the plaintiffs will

ultimately prevail, only whether they are entitled to offer evidence to support their

claims."  Furthermore, "a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S.

41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir.

1986).

**DISCUSSION**:

The Defendant moves this Court to dismiss Count XI of the complaint.

(Rec. Doc. 1).  Count XI is a breach of warranties claim asserted against the

Defendant and Defendant Lear Romec Corp.

The Defendants argue that Count XI must be dismissed because Alaska law

governs this lawsuit and under Alaska law, a seller's warranty extends only to

buyers and natural persons in the family or household of the buyer.   While that

point of Alaska law is accurate, what the Defendant omits to recognize is that a

choice of law decision has not been rendered by this Court at this point in the

lawsuit, therefore the Defendant's blanket assertion that "[t]his case is governed by

Alaska law," is of no moment in the disposition of this Motion.

Our reading of Count XI reveals that the Plaintiff pointedly alleges that

"Defendant . . . warranted both expressly and impliedly that its fuel pump installed

on the subject engine was reasonably fit for its intended and foreseeable use and

purpose . . ." Further, the complaint alleges that the Defendant breached its

warranties by manufacturing and selling the defective fuel pump and as a proximate

cause of the breach of the warranties, Plaintiff's decedents were killed in the aircraft

crash. We find that the Plaintiff's allegations are sufficient to survive the Rule 12(b)

standard.

Further, Defendant argues that this case should be dismissed under the

doctrine of *forum non conveniens*. In determining whether a case should be

dismissed on *forum non conveniens* grounds, courts apply four factors announced

by the Supreme Court in <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501: (1) whether an

alternative forum is open to the Plaintiff if the case is dismissed; (2) the Plaintiff's

choice of forum; (3) the private interests of the litigants; and (4) the public interests

of the fora.

This Court has already undertaken a searching review of the factors initially

enumerated in <u>Gulf Oil</u> and further elaborated on in <u>Jumara v. State Farm Ins. Co.</u>,

55 F. 3d 873, 879 (3d Cir. 1995) in our Order dated January 30, 2006 (doc. 80)

denying the Joint Motion to Transfer (doc. 26) filed by Defendants, AVCO

Corporation, on behalf of its Lycoming Engines Division, Textron Inc., Cessna

Aircraft Company, and Precision Automotive LLC. We will incorporate herein our

analysis as set forth in the said January 30, 2006 Memorandum and Order, and in

so doing reiterate simply that the balance of the factors does not favor dismissing

Count XI under the doctrine of *forum non conveniens*, nor does it warrant a

transfer to the United States District Court for the District of Alaska.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion (doc. 44) is DENIED.


                                              s/ John E. Jones III
                                              John E. Jones III
                                              United States District Judge