IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHELLE DUVALL, as Personal | : | No. 4:CV 05-1786 |
| Representative of the ESTATE OF | : | |
| MARK DUVALL, deceased; and | : | |
| RACHELLE DUVALL, as Personal | : | Judge Jones |
| Representative of the ESTATE OF | : | |
| TAMMY DUVALL, deceased, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| AVCO CORPORATION, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### May 19, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before this Court is Plaintiff's Motion for Voluntary Dismissal (doc. 97) filed on May 10, 2005. Also, pending before the Court is a Motion for Reconsideration or, in the Alternative, for Certification Pursuant to 28 U.S.C. § 1292(b) ("the Reconsideration Motion")(doc. 88) filed on February 13, 2006. Defendants' AVCO Corporation, on behalf of its Lycoming Engines Division, and Textron Inc. (collectively "Lycoming") move this Court to reconsider its January 30, 2006 Memorandum and Order (doc. 81) denying Lycoming's Motion for More

1

Definite Statement or, in the Alternative, to Dismiss for Failure to State Claims Upon Which Relief May be Granted.  Lycoming seeks partial reconsideration and/or certification for an interlocutory appeal to the extent that the January 30, 2006 Memorandum and Order (doc. 81) appears to suggest that federal law preempts state law claims only as to the operation of an aircraft, but not as to the design and manufacture of aircraft and aircraft components.

As a condition precedent to concurring in a the Plaintiffs Motion for Voluntary Dismissal (doc. 97), Lycoming desired Plaintiffs to stipulate to a motion to vacate the January 30, 2006 Order (doc. 81).  Plaintiffs agreed to take no position on any potential motion to vacate and it appears that Lycoming withheld its concurrence in the Motion for Voluntary Dismissal (doc. 97) on this basis.

In the following Order, we will grant both the Reconsideration Motion (doc. 88) and Plaintiff's Motion for Voluntary Dismissal.  (Rec. Doc. 97).

**STATEMENT OF FACTS AND PROCEDURAL HISTORY:**

This products liability, negligence and wrongful death action arises out of an aircraft accident near Chickaloon, Alaska, on September 2, 2003, which killed the pilot, Glyn A. Bindon and his two passengers, Mark K. DuVall and Tammy S. DuVall.  Rachell DuVall ("DuVall" or "Plaintiff"), the personal representative of the passengers' estates, commenced this action by filing a complaint (doc. 1) with this

Court on September 1, 2005.  The named Defendants in this action include Cessna, the manufacturer of the aircraft, AVCO, whose Lycoming Engines Division is the manufacturer of the engine, Precision, the manufacturer of the fuel servo, and Crane Co. d/b/a Lear Romec, the manufacturer of the fuel pump.  The Plaintiff claims that the accident was caused by the malfunction of the aircraft's engine and fuel servo.

Slightly before 8 a.m. on September 2, 2003, Mark and Tammy DuVall joined Glyn Bindon on a flight departing from Homer, Alaska, aboard Mr. Bindon's Cessna T206 aircraft.  The National Weather Service weather observer in the area reported limited visibility in the area and that Sheep Mountain Pass, a route Mr. Bindon intended to utilize, was closed.   However, Mr. Bindon did not have this information during flight because he did not request any weather updates.  At approximately 10 a.m., the aircraft piloted by Mr. Bindon crashed into the side of a mountain.  Mr. Bindon and both of the DuValls were killed in the accident.     On November 7, 2005 Lycoming filed Motion for More Definite Statement or, in the Alternative, to Dismiss for Failure to State Claims Upon Which Relief May be Granted.  (Rec. Doc. 25).  On January 30, 2006, we entered a Memorandum and Order (doc. 81) denying Lycoming's Motion.  In so ruling, we stated in our opinion that:

> [w]hile we agree with the holding of <u>Abdullah</u> with regard to federal

>  preemption, it is clear to us that the standard of care announced by the Abdullah court applies to the *operation* of an aircraft, not the *manufacturing* of aircraft parts . . . contrary to Defendants' argument, the Plaintiff's pleading is not insufficient because it does not plead the breach of a federal duty of care."

(Rec. Doc. 81 at 6-7).

**STANDARD OF REVIEW**:

Motions for reconsideration should be granted sparingly as federal courts have a strong interest in the finality of judgments. Burger King Corp. v. New England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa. 2000). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue

matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, 2001 WL 1609761, at *9 (E.D. Pa. 2001).

**DISCUSSION:**

The heart of Lycoming's argument is that we misconstrued the essential holding of Abdullah when we denied Lycoming's Motion for More Definite Statement or, in the Alternative, to Dismiss for Failure to State Claims Upon Which Relief May be Granted. (Rec. Doc. 25). Lycoming posits that the holding in Abdullah v. American Airlines, Inc., 181 F.3d 363 (3d Cir. 1999) is that federal law preempts "the entire field of aviation safety," which includes aircraft design and certification, and requires articulation of a federal standard of care. In our Memorandum and Order of January 30, 2006, we construed Abdullah to apply only to the operation of aircraft and not to the manufacturing of aircraft parts, thereby holding that the "Plaintiff's pleading is not insufficient because it does not plead the breach of a federal duty of care." (Rec. Doc. 81 at 6-7).

As the Third Circuit stated in Abdullah, "Congress, in enacting the [Federal Aviation Act, as amended, 49 U.S.C. §§ 40101-49105] and relevant regulations, intended generally to preempt state and territorial regulation of aviation safety." Abdullah, 181 F. 3d at 367-68. "By enacting the [Federal Aviation Act], Congress

intended to rest sole responsibility for supervising the aviation industry with the federal government." Id. at 368 (citing S. Rep. No. 1811, 85th Cong., 2d Sess. 5 (1958)). The Abdullah opinion extensively analyzes the legislative history of the Federal Aviation Act in drawing the conclusion that federal law "establishes the applicable standards of care in the field of air safety, generally." Id. at 367. Importantly, the Third Circuit *did not* limit its holding to piloting or aircraft operation and specifically rejected the approach adopted by other courts that found only certain aspects of aviation safety to be preempted: "[C]ontrary to courts that have found that federal law only preempts discrete aspects thereof, we find implied federal preemption of the entire field of aviation safety." Id. at 365. Furthermore, in crafting its holding, the Abdullah court preserved state law remedies, concluding that state and territorial remedies continued to exist for violations of federal standards of care. See id. at 375. Clearly the Third Circuit intended to preempt the entire field of aviation safety, and not just aircraft operation, as we opined in our January 30, 2005 Order.

Accordingly, because we find that we misinterpreted the holding of Abdullah in our January 30, 2005 Order (doc. 81), we will grant the Reconsideration Motion and vacate the said Order. (Rec. Doc. 81). Furthermore, we will grant the Plaintiff's Motion for Voluntary Dismissal (doc. 97) and dismiss this action with

prejudice

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion for Reconsideration or, in the Alternative, for Certification Pursuant to 28 U.S.C. § 1292(b) (doc. 88) is GRANTED, and this Court's January 30, 2005 Order (doc. 81) is hereby VACATED to the extent set forth herein.

2. Plaintiff's Motion for Voluntary Dismissal (doc. 97) is GRANTED.

3. This case is DISMISSED with PREJUDICE and without costs or fees to any party.

4. The Clerk is directed to close the file on this case.

s/ John E. Jones III
John E. Jones III
United States District Judge
